USCA1 Opinion

 

 [NOT FOR PUBLICATION] United States Court of Appeals For the First Circuit ____________________ No. 97-1468 UNITED STATES, Appellee, v. MANUEL VALERIO, Defendant - Appellant. ____________________ APPEAL FROM THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF RHODE ISLAND [Hon. Ronald R. Lagueux, U.S. District Judge] ___________________ ____________________ Before Boudin, Circuit Judge, _____________ Coffin, Senior Circuit Judge, ____________________ and Dowd, Jr.,* Senior District Judge. _____________________ _____________________ Randy Olen, with whom John M. Cicilline was on brief for __________ _________________ appellant. Margaret E. Curran, Assistant United States Attorney, with ___________________ whom Sheldon Whitehouse, United States Attorney, and Kenneth P. __________________ __________ Madden, Assistant United States Attorney, were on brief for ______ appellee. ____________________ January 26, 1998 ____________________  ____________________ * Of the Northern District of Ohio, sitting by designation. DOWD, Senior District Judge. The sole issue raised by DOWD, Senior District Judge. _____________________ this appeal of the defendant's sentence, based on his guilty plea, is whether the defendant was entitled to have cocaine base(crack) separated from the cocaine powder, as packaged together in three containers. The defendant asserted that the two forms of cocaine should have been separated prior to calculating the offense level. The sentencing court disagreed and we agree with the sentencing court and thus affirm. The defendant was charged in an indictment with possession with intent to deliver cocaine in violation of 21 U.S.C. 841(a)(1). He entered a plea of guilty. On June 28, 1996, Providence Rhode Island police officers executed a search warrant at the defendant s home and seized three bags, each containing cocaine powder and cocaine base. The total combined weight of powder and cocaine base was 123.4 grams. Additionally, the police discovered a separate container containing 7.43 grams of crack cocaine.1   ____________________ 1 The defendant entered his plea of guilty on December 6, 1996. The United States Attorney recited the factual basis in part as follows: . . . that on June 28, 1996, at approximately 6:00 p.m., Providence police officers executed a search warrant at a first floor apartment . . . which was the home of the defendant Manuel Valerio. At the time the officers executed the warrant, the defendant was at home . . . he was advised of his Miranda warning by the officers. At that _______ time he agreed to show the police officers where the drugs in his house were located. He led the officers to the master bedroom in the apartment. Under the bed he pulled out a bag of rice. Examination of that bag showed -2- The district court calculated the defendant s base offense level as 32 pursuant to 2D1.1(c)(4) of the Sentencing Guidelines drug quantity table.2 The government argued and the sentencing court agreed that Note A to 2D1.1(c) applied which indicates that if a mixture or substance contains more than one controlled substance, "the weight of the entire mixture or substance is assigned to the controlled substance that results in the greater offense level." Consequently, the three bags with weight of 123.4 grams was treated as crack cocaine.3 The Court  ____________________ that it contained three plastic bags. The plastic bags each contained a substance later determined in total to be 123.4 grams of a mixture containing powder cocaine and cocaine base . . . in a bedroom closet, officers seized a baby wipes container. Inside of that were two bags of cut and also a bag containing 7.43 grams of cocaine base.  The defendant agreed with the above factual basis.  2 This subsection applies to offenses involving at least 50 grams, but less than 150 grams of crack cocaine.  3 Prior to sentencing, the defendant moved for the opportunity to have a forensic chemist separate and measure the cocaine powder and the cocaine base. The motion was unopposed. However, the defendant did not follow up on the request. Nonetheless, the defendant argues that had the crack cocaine been isolated from the cocaine powder, the resulting base offense level would have been 26, with a net offense level of 25, which when combined with the defendant's Criminal History of II, would have provided for a range of 63-78 months. In order to lower the base offense level to 26, the weight of the separated cocaine base, when added to the 7.43 grams of crack cocaine in the separate container would have to have been less than 12.57 grams of cocaine base as  2D1.1(c)(7) provides for a base offense level of 26 where the crack cocaine is not more than 20 grams. It is not clear from the record as to why counsel for the defendant is of the view that the "separated" crack cocaine in the three containers would have weighed less than 12.57 grams.  -3- found that the offense level was 31 with a Guideline Range of 121-151 months by assessing a two level increase for possession of a firearm and a three level decrease for acceptance of responsibility.  The government moved for a downward departure based on substantial assistance ( 5K1.1) and the Court reduced the sentence below the mandatory minimum to a term of 60 months from which the defendant now appeals.4  The emerging issues in determining the weight of the offending controlled substances5 was partially responsible for the subsequent amendment 484 to the Sentencing Guidelines and in which the defendant takes comfort in this case. Amendment 484 which became effective November 1, 1993 and amended the commentary to 2D1.1 by deleting "21 U.S.C. 841" and inserting in lieu thereof: "21 U.S.C. 841, except as expressly provided. Mixture or substance does not include materials that must be separated from the controlled substance before the controlled substance can be used. Examples of such materials include the fiberglass in a cocaine/fiberglass bonded suitcase, beeswax  ____________________ 4 The defendant's sentencing range, prior to departure was 121 to 151 months. The prosecution advocated a seven year sentence and the defendant a three year sentence. The district court indicated it would, in effect, cut the sentence in half and sentence the defendant to the sixty-month term. Defendant's counsel reasons that had the cocaine powder and cocaine base been separated for sentencing purposes with a resulting range of 63 to 78 months, cutting the sentence in half would have resulted in a 32 month sentence. Hence, the appeal.  5 See United States v. Mahecha-Onofre, 936 F.2d 623 (1st Cir. _____________ ______________ 1991) and United States v. L pez-Gil, 965 F.2d 1124 (1st Cir. _____________ _________ 1992). -4- in a cocaine/beeswax statute, and waste water from an illicit laboratory used to manufacture a controlled substance. If such material cannot readily be separated from the mixture or substance that appropriately is counted in the Drug Quantity Table, the court may use any reasonable method to approximate the weight of the mixture or substance to be counted. An upward departure nonetheless may be warranted when the mixture or substance counted in the Drug Quantity Table is combined with other, non-countable material in an unusually sophisticated manner in order to avoid detection.". It is without dispute that the defendant possessed with intent to distribute a substance containing two controlled substances. Nonetheless, because the two are not ingested in the same manner, (the powder is inhaled and the crack is smoked) the defendant argues they must be separated for sentencing purposes in reliance on the Amended Commentary to U.S.S.G.  2D1.1 as the cocaine powder and cocaine base come within the concept of "materials that must be separated from the controlled substance before the controlled substance can be used." However, as indicated in United States v. Campbell, 61 F.3d 976, 982 (1st _____________ ________ Cir. 1995), cert. denied, 116 S. Ct. 1556 (1996) "the commentary ____________ excludes only materials that are unusable or unmarketable, such as those used to transport the controlled substance, or waste products that are discarded before the controlled substance is put into the distribution chain." (Citations omitted). As neither the cocaine powder or cocaine base is unusable or unmarketable, the revisions to the commentary to U.S.S.G.  -5- 2D1.1 provided by Amendment 484 are of no assistance to the defendant.6  Accordingly, the district court's judgment is AFFIRMED. AFFIRMED  ____________________ 6 Defendant's counsel, at the sentencing hearing, advocated the separation contending that finding the two substances together is illogical and went on to state that he could not explain why the cocaine base and cocaine powder were mixed. No testimony was offered as to why they were mixed, but in our view the motive or lack of motive for the mixture is not relevant.  -6-